TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Michael D. Hamersky

*Counsel for the Chapter 7 Trustee*



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                      :    Chapter 7
                                            :
ALBERT CAFARO,                              :
                                            :
                            Debtor.         :    Case No. 05-16684 (SCC)
                                            :
------------------------------------------------------------x

## STATEMENT OF UNPAID DISTRIBUTION CHECKS

TO:  CLERK OF THE UNITED STATES BANKRUPTCY COURT

Albert Togut, not individually but solely in his capacity as the Chapter 7 trustee ("Trustee") of the estate of Albert Cafaro (the "Debtor"), respectfully states that:

1. On February 24, 2014, I filed the *Trustee's Final Report* (the "TFR") [Docket No. 141], which sought, *inter alia*, approval to issue final distribution checks to holders of allowed claims against the Debtor's estate. The Court approved the TFR by an Order dated March 26, 2014 (the "Order") [Docket No. 144].

2. The Order authorized me to, among other things, make a *pro rata* distribution to holders of allowed general unsecured claims.

3. On March 26, 2014, I filed the *Notice of Proposed Distribution* (the "Distribution Report") [Docket No. 145], delineating the proposed final distribution to all holders of allowed claims. I issued checks to holders of allowed claims on March 27, 2014. Creditors were required to negotiate their distribution checks within ninety (90) days after the date of issuance, which was June 25, 2014 (the "Deadline").

4. All of the distribution checks that I issued were negotiated before the Deadline, with exception to the two checks identified on the Schedule that is annexed hereto as Exhibit "1".

<u>Citibank (South Dakota), N.A.</u>

5. Despite diligence, I have been unable to locate a new address for the distribution to Citibank (South Dakota), N.A. Consequently, I have caused a stop payment to be issued against that distribution check. Exhibit 1 lists the amount of the check ($2,546.85) issued to Citibank (South Dakota), N.A. and that creditor's last known address.

<u>New York State Department of Taxation & Finance ("NYS")</u>

6. NYS returned its final distribution check in the amount of $113.96 and advised that a third party satisfied the tax liability that formed the basis of the proof of claim that NYS filed against the Debtor's estate. Accordingly, I caused a stop payment to be issued against such check. Exhibit "1" lists the amount of the check ($113.96) issued to NYS.

7. Pursuant to the *Handbook for Chapter 7 Trustees* (p. 4-33), the amount of the check issued to NYS is available for a *pro rata* distribution to the remaining six holders of allowed general unsecured claims in this case. However, pursuant to Rule 3010(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),[1] I cannot distribute a dividend payment to five of those six claimants because the

---

[1] Bankruptcy Rule 3010(a) provides:

> In a chapter 7 case no dividend in an amount less than $5 shall be distributed by the trustee to any creditor unless authorized by local rule or order of the court. Any dividend not distributed to a creditor shall be treated in the same manner as unclaimed funds as provided in §347 of the Code.

Fed. R. Bankr. P. 3010(a).

proposed dividend payments to each of those claimants would be less than $5. Accordingly, and pursuant to Bankruptcy Rule 3010(a), the undistributed dividend payments to those five claimants are to be treated as unclaimed funds as provided for under section 347 of title 11 of the United States Code (the "Bankruptcy Code").

8. The chart that is annexed hereto as Exhibit "2" describes the distribution to be made on account of the returned NYS check, less the $110.27 supplemental distribution to Polygram Holding, Inc.: $2,550.54, which is made payable to the Clerk of the Bankruptcy Court, and which represents the sum of the unclaimed Citibank (South Dakota) N.A. dividend check ($2,546.85) and the undistributable portion of the NYS dividend check ($3.69) pursuant to section 347 of the Bankruptcy Code.

Dated:   New York, New York
         September __, 2014

_____
Albert Togut, not individually but
solely in his capacity as Chapter 7
Trustee of the estate of Albert Cafaro

## Exhibit 2

*In re Albert Cafaro*, Case No. 05-16684 (SCC)

CALCULATION OF UNCLAIMED DIVIDEND CHECK
TO BE DELIVERED TO THE CLERK OF THE BANKRUPTCY COURT

| Check No. | Claim No. | Payee/Address | Amount |
|---|---|---|---|
| 123 | 8 | Citibank (South Dakota), N.A.<br>Citibank/Choice<br>Exception Payment Processing<br>P.O. Box 6305<br>The Lakes, Nevada 88901-6305 | $2,546.85 |
| N/A | 8 | Citibank (South Dakota), N.A.<br>Citibank/Choice<br>Exception Payment Processing<br>P.O. Box 6305<br>The Lakes, Nevada 88901-6305 | $1.86 |
| N/A | 1 | Discover Bank<br>Discover Financial Services<br>P.O. Box 8003<br>Hilliard, Ohio 43026 | $0.29 |
| N/A | 2 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, Washington 98121 | $0.88 |
| N/A | 4B | Internal Revenue Service<br>290 Broadway, 5th Floor<br>New York, New York 10007 | $0.41 |
| N/A | 5B | Franchise Tax Board<br>Special Procedures<br>P.O. Box 2952<br>Sacramento, California 95812 | $0.25 |
| | | Total | $2,550.54 |